

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0303-10

### GERARDO LUJAN, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

As the majority states, the legality of the checkpoint in this case depends upon whether its primary purpose was general crime control or to check drivers' licenses and insurance. The Supreme Court of the United States has "never approved a checkpoint program whose primary purpose was to detect evidence of ordinary criminal wrongdoing." *City of Indianapolis v. Edmond*, 531 U.S. 32, 41 (2000).

The checkpoint in this case included a K-9 unit. So, if the primary purpose of this

checkpoint program was, as the majority concludes, to check drivers' licenses and insurance, then the deputies did not need drug-sniffing dogs. This was akin to bringing a gun to a knife fight, and from then on, it was officially a gun fight. Based upon the facts of this case, I disagree with the majority and would conclude that the primary purpose of the checkpoint was to "uncover evidence of ordinary criminal wrongdoing," in contravention of the Fourth Amendment.[1] *Id.* at 42.

I also note that the majority is correct to acknowledge that police officers may act upon information properly learned at "a checkpoint stop justified by a lawful primary purpose, even where such action may result in the arrest of a motorist for an offense unrelated to that purpose." *Id.* at 48. However, what is missing here, in my opinion, is a lawful primary purpose. Drug-sniffing dogs have no place at a checkpoint designed for license and insurance verification. Because I would affirm the court of appeals, I respectfully dissent.

Meyers, J.

Filed: January 12, 2011

Publish

---

[1] In reaching its conclusion, the majority places too great an emphasis on the trial court's evaluation of the deputies' credibility.